SEGUIN STATE BANK & TRUST CO. et al.
v. LOCKE et al.
No. 7974.

Court of Civil Appeals of Texas. Austin.
June 13, 1934.

Rehearing Denied July 18, 1934.

J. R. Fuchs, of New Braunfels, Wirtz & Weinert, of Seguin, and W. S. Gideon, of Austin, for appellant Seguin State Bank & Trust Co.

Schleyer & Luckett and Adolph Seidemann, all of New Braunfels, for appellants H. C. Locke and Hulda Gold.

Ball, Seeligson, & Trueheart, of San Antonio, for appellee D. D. Heinen.

H. S. Groesbeeck, of San Antonio, for appellees Emil Locke, individually, and as executor of Johanna Locke's estate, Otto M. Locke, Jr., and Walter Locke.

BAUGH, Justice.

Appeal is from a judgment of the district court of Comal county denying to appellants partition of certain lands in Comal and McMullen counties. The facts are substantially as follows: Otto M. Locke, Sr., and wife, Johanna Locke, prior to their separation, accumulated a substantial community estate, including the lands in controversy. On June 30, 1928, Johanna Locke obtained a divorce from Otto M. Locke, Sr., in the district court of Bexar county, and an agreed settlement and partition of their community property was embodied in the divorce decree and approved by the court.

The decree of the court, so far as the property here involved is concerned, was a consent decree; the terms of the partition having been agreed to prior to the trial of the issue of divorce. The court's decree recited that the partition was fair and just, awarded to Mrs. Locke $12,900 in cash and the household furniture, the lands here involved, and a series of notes. The portion of said decree, which embodied the agreement reached between the parties, read as follows: "It is further ordered, adjudged and decreed by the court that the property described in paragraph Five hereof, do be awarded and set aside for the benefit of the said Mrs. Johanna Locke and that all of the right, title and interest heretofore held and owned by the said Otto Locke Sr. in and to the same and each portion and parcel thereof do be and is hereby divested out of the said Otto Locke Sr. and invested in the Commercial Loan & Trust Company as trustee and that the legal title to each and every portion thereof do be and is hereby decreed to be in the Commercial Loan & Trust Company of San Antonio, Texas, who shall control and manage the same, invest and reinvest funds for the benefit of the said Mrs. Johanna Locke for a period of fifteen (15) years from this date and upon the expiration of said fifteen (15) years period of time the same shall be delivered to the said Mrs. Johanna Locke and an accounting to the said Mrs. Johanna Locke shall be made by the said Trustee; and if the said Mrs. Johanna Locke shall die within the said fifteen (15) years time, then and in such event said Trust estate shall be delivered to the legal representatives of the estate of the said Mrs. Johanna Locke, for the benefit of her heirs, named in her will, should she die testate, and if she dies intestate, then for the benefit of her heirs under the law of descent and distribution. And the said Commercial Loan & Trust Company shall have and is hereby fully authorized and empowered to sell said property or any portion thereof upon such prices and upon such terms as may be agreed upon by the said Trustee and the said Mrs. Johanna Locke, but all proceeds from any sale shall be subject to this trust, and the Trustee is authorized and empowered to invest and to reinvest the funds and shall deliver the income therefrom to the said Mrs. Johanna Locke after the payment of all expenses, in quarterly payments, and the said Commercial Loan & Trust Company is hereby empowered and authorized to pay taxes on said property and do all necessary things to carry out the intent of this trust, including the right to execute any and all papers and documents necessary to be executed to execute this trust fund to the best advantage, and to deduct from the income all reasonable expenses incurred in the management of such property, and as compensation

for its services shall also be entitled to deduct 2½ per cent of such income and in the event of a sale, and 2½ per cent of the sales price as its compensation, and a commission of 2½ per cent on expenditures."

Copies of this decree were duly recorded in the deed records of the counties in which the lands involved were situated.

Johanna Locke died September 13, 1929, leaving a will which she had executed on June 18, 1927, about one year prior to the divorce and partition agreement and decree, in which she named Emil Locke, her son, independent executor, and devised all her property in equal portions to her five children, born of her marriage to Otto M. Locke, Sr. This will was duly probated, and after the executor had qualified, the Commercial Loan & Trust Company conveyed to him, as executor, the lands in question. Meantime, however, between the date of said divorce and partition decree and her death, Johanna Locke incurred certain indebtedness, some $14,000 of which was held by D. D. Heinen at the time of her death, and most of which was still unpaid at the time of the trial. Subsequent to her death, the Seguin State Bank acquired the one-fifth interest of Walter Locke, one of her children, in his mother's estate. This suit, though not originally brought as such, has evolved into a partition suit between the several parties claiming interests in said lands. There appears to be no dispute as to the facts; and the rights of the various parties litigant are referable to the terms and conditions of the partition agreement embodied in and approved by the court in the divorce decree. The disposition of the case is controlled by the question of whether or not, under said partition agreement and decree, said lands, upon the death of Johanna Locke, constituted a part of her estate, and therefore liable for the payment of her debts; or whether, upon her death, title to same passed to her five children free from her debts. The trial court held that said lands constituted a part of the estate of Johanna Locke, and since her debts had not been paid, and administration proceedings were still pending, partition by the district court could not be had.

■ We have reached the conclusion that the trial court was correct. The first contention of appellants is that said agreement and partition decree vested in Mrs. Locke only a life estate with remainder to her heirs; or to such of them as she named in her will, as she was authorized to do in said agreement and decree. It is manifest,

we think, that the will of Mrs. Locke was not, and cannot be construed to constitute, an appointment of the beneficiaries of her estate, provided for in the agreement and decree. It was executed more than a year before such agreement was made and decree entered, and of necessity made no reference to it nor to the lands set apart to her under it. The general rule is that to constitute an execution of a power granted, the instrument in question (in the instant case a will) must disclose an express intention to execute such power of appointment, either by its own recitals or by necessary implication, such as a description of the identical property covered, or where such instrument cannot operate except as carrying out the exact power granted. Hill v. Conrad, 91 Tex. 341, 43 S. W. 789; 49 C. J. 1288. And the better rule is that a previously executed will does not constitute the exercise of such power. 49 C. J. 1295, and authorities there cited. The will in question, therefore, did not relate to the power of appointment provided in the decree, and passed to the named devisees whatever estate Mrs. Locke had at the time of her death. And if it be conceded that Mrs. Locke was vested with a life estate only, with remainder to her children, her failure to exercise the granted power of appointment would not enlarge the life estate, nor make such property subject to the claims of her creditors. Arnold v. Southern Pine Lumber Co., 58 Tex. Civ. App. 186, 123 S. W. 1162 (dismissed). That the parties to said agreement had the power to create in, or reserve to, Mrs. Locke only a life estate with remainder to her children cannot be seriously doubted. Or if, as urged by appellees, Mrs. Locke had an equitable title to her community interest in the community estate, which was set aside to her in said decree, and the effect of said agreement was that as a feme sole she merely reserved to herself a life estate in said property, if such was its character, she had the right to do so. Cramer v. Hartford-Connecticut Trust Co., 110 Conn. 22, 147 A. 139, 73 A. L. R. 205, and annotations thereunder.

■ But it is clear, we think, that the estate here created, whether considered as created by agreement between Mr. and Mrs. Locke, with the approval of the court, or by Mrs. Locke herself in her own behalf, was but a trust for a fifteen-year period, subject to the contingencies named in case she should die before the expiration of that period. If she lived out that period, the property was to be returned to her as a part

of her estate, with no remainder to any one. If she died sooner, then said property should pass to her heirs under the laws of descent and distribution, or to those named in her will. No remaindermen were therefore named, and no present interest in her property vested in any one. Trusts may of course be created for life with a remainder over to designated beneficiaries, if the intention to do so is clear. And the owner of property may place same in trust, reserving to himself the income therefrom either for life or for a period of years. And if for a definite period of years, as here, such trust terminates according to its provisions—either by death or upon the termination of the period named.

The instrument here involved, which was approved by the court, created no vested remainder in any one. In case of the death of Mrs. Locke within the fifteen-year period, the property was to pass to her "heirs," whose identity could not, of course, be determined until her death. Under the language of said instrument, therefore, these "heirs" took as such either under the will or the laws of descent and distribution and not as remaindermen. Glenn v. Holt (Tex. Civ. App.) 229 S. W. 684; Robinson v. Blankenship, 116 Tenn. 394, 92 S. W. 854; Stephens v. Moore, 298 Mo. 215, 249 S. W. 601. This by virtue of the Rule in Shelley's Case. The lands in question, therefore, reverted to the estate of Mrs. Locke, and upon her death passed as a part of her estate to her children under her will, subject to the payment of her debts. The case of Berlenbach v. Chemical Bank & Trust Co., 235 App. Div. 170, 256 N. Y. S. 563, presents an instrument almost identical with that here involved. In that case the trust was to continue for twenty years unless death of the grantor occurred sooner, in which event the trust property was to pass by will, or, absent same, under the laws of the state. The Appellate Division of the Supreme Court, following Doctor v. Hughes, 225 N. Y. 305, 122 N. E. 221, by Cardozo, J., there held that no remainder passed; but that the trust property, the grantor having died within the twenty-year period, reverted to the grantor and passed as a part of his estate by descent and not by purchase. See also 65 C. J. 343, and cases there cited.

Under these circumstances, the property in question passed to the devisees in the will of Mrs. Locke as a part of her estate charged with her debts. And since said estate was still being administered in the probate court, and some of her debts had not been paid, the trial court properly refused a partition thereof. Article 3314, R. S. 1925; Plsek v. Kostroun (Tex. Civ. App.) 6 S.W.(2d) 813; Maxwell's Unknown Heirs v. Bolding (Tex. Civ. App.) 11 S.W. (2d) 814.

The judgment of the trial court is affirmed.

Affirmed.