## SEGUIN STATE BANK & TRUST COMPANY ET AL. V. MRS. EMIL LOCKE ET AL.

No. 6823.   Decided March 17, 1937.
Rehearing overruled May 26, 1937.
(102 S. W., 2d Series, 1050.)

*J. R. Fuchs,* of New Braunfels, *R. A. Weinert,* of Seguin, and *Powell, Wirtz, Rauhut & Gideon,* of Austin, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the property in question passed to the children of Johanna Locke charged with the debts against her estate, and that the Seguin State Bank & Trust Company was not entitled to a partition of the lands described in the pleadings until the debts of the estate of Mrs. Locke have been paid. Lindly v. Lindly, 102 Texas 135, 113 S. W. 750; Rains v. Sheeler, 76 Texas 390, 13 S. W. 324; Weir v. Smith, 62 Texas 1; 25 Tex. Jur. 26; 28 Tex. Jur. 52.

*Ball, Seeligson & Trueheart* and *H. S. Groesbeeck,* all of San Antonio, and *Schleyer & Luckett,* of New Braunfels, for defendants in error.

Regardless of the source of title under the trust provision of the divorce decree, properly construed, said decree created in Mrs. Locke an equitable fee simple title, which in turn passed to plaintiff in error (the bank) and the other devisees under Mrs. Locke's will, and is therefore subject to her debts. Hopkins v. Hopkins, 103 Texas 15; Texas Co. v. Meadors, 250 S. W. 148; Glenn v. Holt, 229 S. W. 684.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit in its last analysis involves the legal effect to be given a partition decree entered on June 30, 1928, in a divorce suit between Mrs. Johanna Locke and Otto M. Locke, Sr., in so far as it concerns the title to certain lands in Comal and McMullen Counties. Prior to their separation Mr. and Mrs. Locke accumulated a large community estate, including the lands in controversy. Suit for divorce was filed by Mrs. Locke in the district court of Bexar County, and pending such suit an agreed partition of the community property was made by the parties. Later the agreement was carried forward into a judgment of the court in the divorce proceeding. It becomes necessary to set out to considerable extent the provisions of the judgment.

(1) It first recites the appearance of the parties, and that the court is of the opinion that plaintiff is entitled to a divorce.

(2) It next sets forth and describes the community property to be partitioned, which includes the lands here involved.

(3) It is next recited that the parties had "agreed upon

a disposition and partition of the community estate, and that such disposition and partition should be as follows:"

(a) Disposition of certain property not necessary to consider.

(b) That as to the remainder of said community property certain enumerated portions should be set aside to the defendant Otto M. Locke for his own use and benefit and free of all claims and demands of the plaintiff.

(c) That out of said community estate there should be set aside to the plaintiff, Mrs. Johanna Locke, for her separate use and benefit certain enumerated property including the lands in controversy.

(d) Then follow the particular provisions which are most material here, the same being as follows:

"Four: Provided, however, that all of said property, last above mentioned, to be set aside as the property of said Johanna Locke, the following property shall be *delivered to her* at once:

"(Cash and household furniture).

"Five: And the remainder of said property, to-wit: Being all the other property described in paragraph 3, hereof, consisting of the real estate particularly described in subdivisions 1, 2, 3 and 4 of paragraph 3 hereof shall be *delivered* to the Commercial Loan & Trust Company of San Antonio, Texas, the same to be held in trust for the benefit of Mrs. Johanna Locke; and it shall be the duty of said Trustee to manage and control said property to their best ability, pay taxes thereon, to rent and lease the same and each parcel thereof, and to collect the revenue therefrom, and that all of the income, after the expenses of management have been paid, shall be delivered to the said Mrs. Johanna Locke in quarterly payments. That the said Trustee shall have the right, power and authority to sell and convey any part or all of such property upon such prices and terms as said Trustee and Mrs. Johanna Locke agree upon, but all proceeds from any sale shall be subject to this trust. Provided further, however, that should any dispute arise between said Trustee and the said Mrs. Johanna Locke that such dispute shall be submitted to the Judge of this Court for decision. That said property shall be held in Trust by said trustee for a period of fifteen (15) years time, after which the same shall be *delivered* to the said Mrs. Johanna Locke. Should the said Mrs. Johanna Locke die before the expiration of said fifteen (15) years period of time, during which this trust shall remain in force and effect, then the property so held in trust shall be de-

livered to the legal representatives of her said estate for the benefit of her heirs, mentioned in her will, should she die testate, and if she dies intestate, then to her heirs under the law of descent and distribution." (Emphasis ours.)

(4) Then follow provisions not pertinent here, but paragraph nine is important and is as follows:

"Nine: And it appearing to the court that said partition of the community estate is fair and equitable and that said property hereinabove recited constitutes all of the property belonging to said community estate, and that said agreement should be made the basis of the judgment of this court."

(5) Next follows the decree proper, the material portions of which are as follows:

(a) The bonds of matrimony are dissolved.

(b) "It is further ordered, adjudged and decreed by the court that said agreement and partition above recited do be, and is hereby made the judgment of this court."

(c) The portion of the property theretofore set out and described in paragraph "two" of the decree is adjudged to be set aside to defendant Otto Locke, Sr., and the title thereto is vested in him for his separate use and benefit.

(d) Then follows the portion of the decree of most importance here as follows:

"Eleven: It is further ordered, adjudged and decreed by the Court that the hereinafter described property do be and is hereby set aside and awarded to the plaintiff Mrs. Johanna Locke, as her separate property and for her separate use and benefit, and all of the right, title and interest in and to the same heretofore held and owned by the said Otto Locke, Sr., do be and is hereby divested out of the said Otto Locke, Sr., and is invested in the said Johanna Locke. Said property being to-wit:

"(Cash and household furniture).

"Twelve: It is further ordered, adjudged and decreed by the Court that the property described in paragraph Five hereof, do be awarded and set aside for the benefit of the said Mrs. Johanna Locke and that all of the right, title and interest heretofore held and owned by the said Otto Locke, Sr., in and to the same and each portion and parcel thereof do be and is hereby divested out of the said Otto Locke, Sr., and invested in the Commercial Loan & Trust Company as trustee, and that the legal title to each and every portion thereof do be and is hereby decreed to be in the Commercial Loan & Trust Company of San Antonio, Texas, who shall control and manage the same,

invest and reinvest funds for the benefit of the said Mrs. Johanna Locke for a period of fifteen (15) years from this date and upon the expiration of said fifteen (15) years period of time the same shall be delivered to the said Mrs. Johanna Locke and an accounting to the said Mrs. Johanna Locke shall be made by the said Trustee; and if the said Mrs. Johanna Locke shall die within the said fifteen (15) years time, then and in such event said Trust shall be delivered to the legal representatives of the estate of the said Mrs. Johanna Locke, for the benefit of her heirs, named in her will, should she die testate, and if she dies intestate, then for the benefit of her heirs under the law of descent and distribution. And the said Commercial Loan & Trust Company shall have and is hereby fully authorized and empowered to sell said property or any portion thereof upon such prices and upon such terms as may be agreed upon by the said Trustee and the said Mrs. Johanna Locke, but all proceeds from any sale shall be subject to this trust, and the Trustee is authorized and empowered to invest and to reinvest the funds and shall deliver the income therefrom to the said Mrs. Johanna Locke after the payment of all expenses, in quarterly payments, and the said Commercial Loan & Trust Company is hereby empowered and authorized to pay taxes on said property and do all necessary things to carry out the intent of this trust, including the right to execute any and all papers and documents necessary to be executed to execute this trust fund to the best advantage, and to deduct from the income all reasonable expenses incurred in the management of such property, and as compensation for its services shall also be entitled to deduct 2 1/2 per cent of such income and in the event of a sale, and 2 1/2 per cent of the sales price as its compensation, and a commission of 2 1/2 per cent on expenditures.

"It is further ordered, adjudged and decreed by the Court, that no part or portion, either corpus, principal, income or interest of the trust fund here and now created for the benefit of plaintiff Mrs. Johanna Locke, shall during the existence of this trust be subject to execution, attachment, garnishment, assignment or hypothecation."

Copies of this decree were duly recorded in the counties where the lands affected thereby were situated.

Mrs. Locke died September 13, 1929, a little more than a year and two months after the entry of the decree. She left a will dated June 18, 1927, which was duly admitted to probate. By this will she gave all of her estate to her five children, born of her marriage to Otto M. Locke, Sr. They were the same per-

sons who would have taken by the laws of descent and distribution in the absence of the will. After the entry of the decree, and prior to her death, Mrs. Locke incurred certain indebtedness, some $14,000 of which was held by D. D. Heinnan at the date of the trial. He is the only defendant in error here.

The estate of Mrs. Locke was pending and in the process of administration at the date of the institution of this suit. Plaintiff in error, the Seguin National Bank, had acquired the interest of one of her five children. This suit was brought primarily for the purpose of partition. The real question for decision is whether or not under the provisions of the decree of partition, hereinabove set out, Mrs. Locke retained only a life estate in the lands involved, with remainder in her heirs or devisees, or did she retain such title as made these lands a part of her estate and subject to her debts after her death. It is contended by plaintiff in error that Mrs. Locke retained only a life estate, with remainder in her heirs or those holding under her will, and that at her death these lands passed to such heirs or devisees free from claims of the debts of her estate. The trial court held that under the decree in question Mrs. Locke retained the beneficial title to these lands, without remainder to her heirs or devisees, and therefore the same were subject to the debts of her estate; and as the administration was still pending, plaintiff in error could not maintain a suit for partition. The judgment of the trial court was affirmed by the Court of Civil Appeals. 73 S. W. (2d) 645.

1 The question is one of intention as manifested by all the provisions of the decree, and no technical rules of construction are involved. We think the intention of the parties, and particularly of Mrs. Locke, is involved in no difficulty. Mrs. Locke was the owner of one half interest in the community estate. The judgment clearly partitioned and set aside this interest to her. The agreement which became the judgment of the court did not purport to divest her of her title to any portion of same. On the contrary, it purports to set aside for her separate use and benefit specific portions of such estate, including the lands involved here. The decree can not be considered testamentary in character, because not executed under the formalities necessary to make it a will. It plainly does not attempt to make final disposition of her property to anyone, with only a life estate in herself. What it clearly purports to do is merely to delay the *delivery* of the *possession* of a portion of her estate to her for a period of fifteen years, and to create a trust for its management and control during that period, with payment of the full income therefrom to her. If at the end of said fifteen year

period she be still living, said portion of her estate held and managed by the trustee was to be delivered to her. She was the sole beneficiary of the trust arrangement, and obviously retained the full beneficial title. It will be observed that in the agreement there is nothing whatever said about the legal title being vested in the Commercial Loan & Trust Company as trustee. The agreement was that this property was to be delivered to said trustee to be held in trust for the benefit of Mrs. Locke. The only provision from which it could be inferred that the trustee acquired even the legal title is the provision that it shall have the "right, power and authority to sell and convey any part or all of such property upon such prices and terms as said trustee and Mrs. Johanna Locke agreed upon, but all proceeds from any sale shall be subject to this trust." The provision with reference to vesting legal title is in the decree of the court, and is as follows: "That all of the right, title and interest heretofore held and owned by the said *Otto Locke, Sr.,* in and to the same and each portion and parcel thereof do be and is hereby divested out of said *Otto Locke, Sr.,* and invested in the Commercial Loan & Trust Company as trustee, and that the legal title to each and every portion thereof do be and is hereby decreed to be in the Commercial Loan & Trust Company of San Antonio, who shall control and manage the same, invest and reinvest funds for the benefit of the said Mrs. Johanna Locke." There is authority for the proposition that in rendering a consent judgment the court merely exercises an administrative function in recording what is agreed upon. Prince v. Frost-Johnson Lumber Company, 250 S. W. 785. However, we do not find it necessary to decide whether or not the court in this instance could go beyond the agreement of the parties and vest title in one who was not a party to the suit, because we think it clear from all parts of the judgment that the purpose was to vest in the trustee only such title as was necessary for the proper administration of the trust, which was limited to the control and management, investing and reinvesting, and transforming the property into money.

But it is contended that the provision to the effect that "if the said Mrs. Johanna Locke shall die within the said fifteen years time, then and in such event said trust shall be delivered to the legal representatives of the estate of the said Mrs. Johanna Locke, for the benefit of her heirs, named in her will, should she die testate, and if she dies intestate, then for the benefit of her heirs under the law of descent and distribution," resulted in Mrs. Locke depriving herself of all title to the property except a life estate, or the right to the income, and that

the remainder vested in praesenti in her heirs or devisees under her will. Such a contention is wholly at variance with the clear intention of the judgment as a whole, and particularly the provision that at the end of the fifteen years if Mrs. Locke be still living the property is to be delivered to her. In our judgment, this provision means nothing more than upon the death of Mrs. Locke, if she died before the trust ended, the trustee was to deliver or turn over the property to the ones who took from Mrs. Locke by will or inheritance. It clearly did not mean Mrs. Locke had already divested herself of all title, except the right to income, and had vested it in her children or those who might be named in her will as devisees. Besides, this provision plainly shows that Mrs. Locke retained the power to dispose of this property by her will and this is wholly inconsistent with the idea that the title to same or the remainder had become vested.

2  There are numerous cases to the effect that instruments, whether in the form of deeds or trust agreements, where a grantor devolves the legal title upon a trustee solely for the use and benefit of the grantor, even for the natural life of such grantor, with a provision that upon his death the property shall pass to and vest in his legal heirs, or as directed in his will, the trustee does not take the fee, and the agreement is subject to revocation at the will of the grantor. In such a case the grantor retains the beneficial title, with right of reversion, and upon termination of the trust by death, the heirs take by inheritance or bequest and not by purchase. One of the leading cases is that of Stephens v. Moore, 298 Mo. 215, 249 S. W. 601, by the Supreme Court of Missouri, which we think is in principle directly in point. The following cases, among many others, are also applicable: Cole v. Nickel, 43 Nev. 12, 177 Pac. 409; City of Louisville v. Anderson, (Ky.) 84 S. W. 573; Doctor v. Hughes, 225 N. Y. 305, 122 N. E. 221; Berlenbach v. Chemical Bank & Trust Co., 235 App. Div. 170, 256 N. Y. S. 563; Fidelity & Columbia Trust Co. v. Gwynn, 206 Ky. 823, 268 S. W. 537, 38 A. L. R. 937 and Annotation at pages 944 to 948.

In this instance Mrs. Locke not only retained the full income from the property, and reserved the right to dispose of it by will, but she further reserved the right to determine the prices and terms upon which it might be sold, and provided it should be delivered to herself after the expiration of the fifteen year period. In the light of these provisions the recent case of Johnson v. Snaman, 76 S. W. (2d) 824, in which writ of error was refused by the Supreme Court, is in principle decisive of the question involved. The court there considered an instru-

ment with stronger provisions than are present here tending to support the contention that the grantor retained only a life estate, and held that the property remained a part of the grantor's estate and subject to liens later attaching.

The provision in the judgment to the effect that neither the corpus, principal, income or interest shall during the existence of the trust be subject to execution, attachment, garnishment, assignment or hypothecation, adds nothing to the rights of plaintiff in error. That provision is in the judgment but not in the agreement. If it be conceded that the creator of a trust may attach such a condition to the estate when he is the sole beneficiary of the trust and that such a condition could be created by the judgment when not mentioned in the agreement, nevertheless it will be noted this provision does not attempt to exempt the estate from the claims or statutory liens of debts against Mrs. Locke's estate. It merely declares that a lien or claim against the estate may not be enforced by execution or other means while the trust in Mrs. Locke's favor exists. When Mrs. Locke died the trust terminated and the property in question became immediately subject to claims against her estate.

For the reasons stated herein the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court March 17, 1937.

Rehearing overruled May 26, 1937.