Willie Lee **DANCY**, Relator,

v.

Honorable David **CAVE**,
Judge, Respondent.

No. 07–88–0163–CV.

Court of Appeals of Texas,
Amarillo.

Oct. 28, 1988.

Denis E. McGuinness, Lubbock, for relator.

Gary L. Bledsoe, Asst. Atty. Gen., for respondent.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

We permitted the filing of relator Willie Lee Dancy's petition for writ of mandamus to determine whether respondent, Honorable David Cave, Judge of the 110th Judicial District Court, had a ministerial duty to sign judgments proposed to settle two pending cases for the forfeiture of an automobile and currency. Based on the record before us, relator has not demonstrated his right to the mandamus relief requested.

While driving his 1981 BMW automobile in Dickens County, relator Dancy was stopped by a Texas Department of Public Safety trooper. The trooper, with assistance from a deputy sheriff, seized less than .04 grams of cocaine concealed in the dashboard or console of the automobile and currency in the amount of $15,151.97 on relator's person and in the automobile trunk. Relator was arrested and charged with, so far as the record reveals, "the possession of cocaine."

The district attorney, in the name of the State of Texas acting by and through the trooper and the deputy sheriff, filed two notices of seizure and forfeiture in the 110th Judicial District Court of Dickens County. One notice, filed in cause no. 3649, sought the forfeiture of the BMW automobile to the Texas Department of Public Safety because the vehicle was used for the purpose of transporting, or facilitating possession or concealment of a controlled substance. *See* Tex.Rev.Civ.Stat. Ann. art. 4476–15, § 5.03(a)(5) (Vernon Supp.1988). The other notice, filed as cause no. 3650, sought the forfeiture of the $15,151.97 to the Texas Department of Public Safety and to the Sheriff's Department of Dickens County because the currency was derived from the sale, distribution or delivery of a controlled substance or was used or intended for use in violation of the Controlled Substance Act. *See* Tex. Rev.Civ.Stat.Ann. art. 4476–15, § 5.03(a)(6) (Vernon Supp.1988).

Relator filed verified denials that the automobile and the currency were subject to seizure under the Controlled Substances Act, and one Donna Renee Hodges intervened to claim an unfiled lien on the BMW automobile. Subsequently, relator moved for dismissal of the causes on the ground that testimony at his examining trial, and at a suppression hearing in a federal district court, showed there was no evidence that the currency was the fruit of or was intended for use in any transaction made subject to the Controlled Substance Act, and that there was no evidence he knew about the presence of the contraband in the automobile dashboard or console.

On the day set for a hearing before respondent on relator's motion to dismiss, the State was represented by the district attorney and relator and Hodges were represented by their respective attorneys. The district attorney announced in open court that a settlement had been reached in each cause, expressing that:

> For and in exchange for the payment of two thousand dollars, the one thousand be applied in each case, your Honor, the state has agreed to dismiss each of the causes. And further an agreement has been reached in the matter of a plea bargain involving the Defendant [Dancy], uh, would not be directly a part of this, but was a consideration in setting the amount.

Upon respondent's inquiry about the plea bargain, the district attorney replied, "Your Honor, the plea bargain will not be directly a part of this settlement," and then added, "But the plea bargain—we have entered a plea bargain. It was a consideration in reaching this settlement."

At this point, respondent stated his understanding that he had no control over what the State does about its civil obligations or choice in what to do about the car and money, but was obligated by law to approve or disapprove plea bargains. Then respondent said, "So, if it is an integral part of your negotiations, you might better let the Court know about what the plea bargain is, because I may either tell you right now whether I will accept or object [*sic*] such plea bargain."

Upon being made aware of the plea bargain arrangements, respondent said he will refuse to accept the plea bargain, and asked if that has any bearing on the civil action. After counsel conferred, the district attorney announced a settlement in these words:

> The settlement is for and in exchange for the payment of one thousand dollars in each cause number, the State will agree to dismiss the causes. An order to be prepared be [*sic*] myself doing such, your Honor, and I would anticipate sending that order to the Court, uh, on or near the time that we try the other case.

Following a discussion about when the order could be prepared, the following is recorded:

> THE COURT: Whatever y'all do, y'all prepare an order and send it to each other and sign and approve it as to contents and form and then you can send it on to my office in Spur. Then I'll sign it and get the clerk to send everybody a file stamped copy whenever y'all get your settlement. That's your agreement?

Receiving a response of "That's correct" from relator's attorney, respondent asked if he correctly understood that the court was going to decide who gets the $2,000. The district attorney replied affirmatively, adding that as the suits were filed requesting forfeiture, "by offering one thousand dollars in each cause each [the Texas Department of Public Safety and the Dickens County Sheriff's Department] would receive one thousand dollars."

Responding, "Okay," respondent inquired whether there were any storage charges for the BMW automobile. Told that "was not a part of the agreement," respondent concluded the hearing.

Two days later, respondent notified the attorneys by letter that, having had the opportunity to review the law, he now was of the opinion that the settlement agreement must be approved by the court. He advised that he refused to approve the settlement agreement presented to the court.

Still, relator moved for judgment pursuant to the settlement agreement announced in open court, which was "approved" by respondent who "ordered a judgment prepared accordingly." However, the judgment form submitted with each motion did not carry the approval of the parties, and they differed from the language of the settlement agreement announced in open court. Particularly, the judgment submitted in the automobile forfeiture proceeding ordered that the BMW automobile be returned to relator and that he pay $1,000 to the State of Texas, the judgment submitted in the money forfeiture proceeding adjudged that relator was to recover $14,151.97 from the State of Texas, and neither judgment submitted mentioned the dismissals previously proposed in open court. Later, the district attorney moved to dismiss the forfeiture cases for the reason that the evidence is insufficient.

Subsequently, a hearing was held on the State's motion to dismiss and relator's motions to dismiss and for judgment filed in the forfeiture cases. The district attorney, stipulating that the record in the examining trial on the charge of relator's possession of cocaine would be the testimony, noticed the agreement reached with relator's attorney and suggested the court should consider that the facts appear to be similar to the facts of the *Humason* case.[1] Relator's

---

1. In *Humason v. State,* 728 S.W.2d 363 (Tex.Cr. App.1987), the defendant, the sole occupant of a

attorney, injecting the information that the minute quantity of cocaine was located up inside the dashboard and that there was no fingerprint evidence or anything connecting relator to it, urged that *Humason* controlled. However, respondent, noting that the cocaine was "in the car and he [relator] owns the car," and confirming that relator "bought the car from a dope peddler who has already been sent to prison from over at Lubbock," disposed of the dismissal motions by stating, "I think you're going to have to convince a jury that your client is innocent." [2]

■ At that point, relator's attorney pressed for entry of judgment on the settlement agreement, stating that it was no more than a ministerial act. Respondent, reiterating his previous, albeit uninformed, opinion that the court was powerless to deny a settlement agreement in a civil case and his after-research opinion that the court has the power to reject the agreements, announced that he was "not going to sign those agreements," and that he would not permit a nonsuit, saying, "[I]f you want to, uh, present a motion for nonsuit, I will deny it." [3]

Based on this record, relator initiated this original proceeding. By it, he seeks a writ of mandamus to command respondent to execute the judgments submitted with his motions for judgment and to file them of record.

In this connection, relator contends that the forfeiture proceedings are civil in nature, *State v. Rumfolo*, 545 S.W.2d 752, 754 (Tex.1976), in which the trial court acts in a ministerial capacity in entering judgments on the settlement agreement, *Travelers Ins. Co. v. Williams*, 603 S.W.2d 258, 262 (Tex.Civ.App.—Corpus Christi 1980, no writ), particularly since respondent rendered judgments on the settlement agreement by announcing in open court his decision to sign the order of settlement. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex.1982). Therefore, relator concludes, respondent's ministerial duty to sign the judgments may be compelled by a writ of mandamus. *Turner v. Pruitt*, 161 Tex. 532, 342 S.W.2d 422, 423 (1961).

To the contrary, respondent replies that although the Texas Rules of Civil Procedure give a court no discretion in the manner of entering an agreed judgment, the forfeiture proceedings are quasi-criminal, which invokes Article 32.02 of the Texas Code of Criminal Procedure (Vernon 1966), thereby requiring permission of the court before they can be dismissed. *Foster v. State*, 661 S.W.2d 205, 208 (Tex.App.—Houston [1st Dist.] 1983, pet'n ref'd). Furthermore, respondent adds, the court has complete discretion in disposing of the property forfeited under the Controlled Substances Act. *See* Tex.Rev.Civ.Stat. Ann. art. 4476–15, § 5.08 (Vernon Supp.

---

pick-up truck, was arrested for speeding. A search of the truck revealed an unzipped gym bag on the seat next to where defendant had been driving. In the bag there was, among other items, a vial containing .03 grams of cocaine. Defendant's conviction for intentionally and knowingly possessing less than 28 grams of a controlled substance (cocaine) was reversed, and the judgment was reformed to reflect an acquittal, because the evidence failed to eliminate the reasonable hypothesis that defendant was entirely unaware of the presence of cocaine, thereby being insufficient to prove beyond a reasonable doubt that he knowingly possessed the controlled substance. *Id.* at 364–67.

**2.** By law, "[a]ll persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." Tex.Penal Code Ann. § 2.01 (Vernon 1974). Moreover, in

a forfeiture proceeding, "[i]f the owner of the property has filed a verified answer denying that the property is subject to forfeiture then the burden is on the state to prove by a preponderance of the evidence that the property is subject to forfeiture." Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.07(b) (Vernon Supp.1988).

**3.** "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." Tex.R.Civ.P. 162. The right of a plaintiff to take a nonsuit is absolute and unqualified when a motion therefore is timely made, *State v. Gary*, 163 Tex. 565, 359 S.W.2d 456, 459 (1962), and the adverse party has not filed a claim for relief, in which event the trial judge has a ministerial duty to grant the motion. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982).

1988). Consequently, the exercise of that discretion cannot be controlled by mandamus. *See Turner v. Pruitt,* 342 S.W.2d at 423.

Without separately addressing the competing contentions, it suffices to begin with the threshold consideration that the forfeiture proceedings are civil actions. *State v. Rumfolo,* 545 S.W.2d at 754. In civil actions, it has been held that in rendering or entering judgment on a settlement agreement, the court merely exercises an administrative function, *Seguin State Bank & Trust Co. v. Locke,* 129 Tex. 524, 102 S.W.2d 1050, 1054 (1937), or acts in a ministerial capacity. *Travelers Ins. Co. v. Williams,* 603 S.W.2d at 262; *Guynn v. Corpus Christi Bank & Trust,* 580 S.W.2d 902, 906 (Tex.Civ.App.—Corpus Christi 1979, no writ); *State v. Reagan County Purchasing Co.,* 186 S.W.2d 128, 134 (Tex. Civ.App.—El Paso 1944, writ ref'd w.o.m.). Still, before the court may render judgment upon a settlement agreement, the agreement itself must "be in writing, signed and filed with the papers as part of the record, or ... be made in open court and entered of record." Tex.R.Civ.P. 11. And, logically and legally, the agreeing parties may not impose duties or obligations on a third party without that party's consent, nor may the court enter a consent decree that imposes obligations on a party that did not consent to the decree. *Firefighters v. Cleveland,* 478 U.S. 501, 106 S.Ct. 3063, 92 L.Ed.2d 405, 428 (1986).

The combined force of these principles bars the mandamus relief requested by relator. This obtains for at least two reasons.

First, relator seeks a writ of mandamus to compel respondent to execute judgments not evidenced by a written agreement and containing terms and provisions different from the terms and provisions of the settlement agreement orally announced by the district attorney in open court. The recording of the district attorney's original announcement that a settlement had been reached and the hearing that followed makes it apparent that the parties had not agreed upon the terms to be stated in the judgments, and that respondent did not undertake to sanction or approve the terms of any particular judgments. This much is evident because respondent merely acknowledged an intention of the parties to settle, evidenced by his request for an order "whenever y'all get your settlement," and by the reality that the proposed unapproved judgments unilaterally submitted differed materially from the orally-announced settlement. It follows that the proposed judgments respondent refused to execute, even if they actually were agreed to by the parties, were not announced in open court or supported by a written agreement signed by the parties. Given these circumstances, respondent was not authorized to execute the judgments submitted. Tex.R.Civ.P. 11; *Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871, 872–73 (1939).

Second, the proposed judgments require relator to pay, *i.e.,* forfeit to, the State of Texas $2,000 for the return of his automobile and money that were seized. In essence, the proposed judgments are an attempt to obligate respondent as to the disposition of the forfeited money, a matter entrusted to his discretion. Tex.Rev.Civ. Stat.Ann. art. 4476–15, § 5.07(d) (Vernon Supp.1988).

The office of mandamus is to execute, not to adjudicate. *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939). Thus, a writ of mandamus issues to compel the performance of a ministerial act, but it will not issue to control a discretionary act. *Turner v. Pruitt,* 342 S.W.2d at 423. Accordingly, relator is not entitled to a writ to compel the execution of judgments that do not meet the prerequisites for agreed judgments and obligate respondent to exercise his discretion in a particular way.

The writ of mandamus is denied.