DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

JUNE TERM, 1920.

---

WILLIAM BROHM, PLAINTIFF IN ERROR, v. EVA BERNER, DEFENDANT IN ERROR.

Argued June term, 1909—Decided September 16, 1910.

Testator, by his will, after directing the payment of debts and funeral expenses, and bequeathing specifically the sum of $200, disposed of the remainder of his estate as follows: "I give and bequeath to my beloved wife all my real estate, also all my personal property of every description, also all moneys due me at my decease, to her own private use forever, and after her decease to the relatives of myself, as well as her, the balance in equal parts of shares." *Held*, that such residuary clause vested an absolute estate in fee-simple in the lands of the testator in his wife.

---

On error to the Supreme Court.

For the plaintiff in error, *Frederic S. Jones.*

For the defendant in error, *Adam J. Rossbach.*

---

NOTE.—This opinion should have appeared in volume 80 of the Law Reports, but was inadvertently omitted by the reporter, and is printed here by order of the court.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon contract. By it the plaintiff seeks to recover from the defendant damages for breach of a covenant of seizin contained in a deed of conveyance made by her to him. The premises embraced in the deed were owned by the husband of the defendant at the time of his death. By his will, after directing the payment of his debts and funeral expenses and bequeathing to the plaintiff the sum of $200, he disposes of the remainder of his estate as follows: "I give and bequeath to my beloved wife all my real estate, also all my personal property of every description, also all moneys due me at my decease, to her own private use forever, and after her decease to the relatives of myself, as well as her, the balance in equal parts of shares." The sole question which the case presents is whether or not by force of this residuary provision in her husband's will the defendant became *seized* of an estate in fee-simple in the lands conveyed by her to the plaintiff.

In the case of *Downey* v. *Borden*, 36 *N. J. L.* 460, this court, speaking through Mr. Justice Depue, declared that "the principle is entirely settled that where lands are devised in the first instance in language indeterminate as to the quantity of the estate, from which an estate for life would result by implication, and words adapted to the creation of a power of disposal without restriction as to the mode of execution are added, the construction will be that an estate in fee is given." Since the promulgation of that decision the principle there declared has been steadfastly adhered to by this court. The cases are collated by Mr. Justice Pitney in *Tuerk* v. *Schuler*, 71 *Id.* 331, our latest decision in which it was involved.

The devise now under consideration is clearly within the class designated in the citation from Downey *v.* Borden. The determination of the case, therefore, turns upon whether there is to be found in the terms of the devise words adapted to the creation of an unlimited power of disposal in the widow. No such power is conferred by express words. Does it arise by necessary implication?

It is to be observed that the testator, by the residuary clause of his will, blends his real and personal estate into a single mass and disposes of it as a unit. He gives it directly to his wife and not to a third person in trust for her benefit, and declares that she shall receive it for her own private use forever. Thus employed, the word "use" implies something more than a mere usufruct. He then provides that after her death "the balance shall go to his and her relatives in equal shares." From the context in which it appears the testator evidently intended the word "balance" as the equivalent of the tenth definition given to it in the Century Dictionary, viz., "What remains or is left over" as 'He bequeathed the balance of his estate to A. B.'" Giving to the word this meaning the residuary clause is almost identical with the provision of the will construed in *Annin's Executors* v. *Van-Doren's Administrator,* 14 *N. J. Eq.* 135, a case frequently cited in our later decisions. In that case the testator gave to his daughter Lena the one-fourth part of his residuary estate, including the moneys arising from the sale of a certain portion of his real estate, and directed that it should be turned over to her as soon as his estate could be conveniently settled. He then provided that if she should die leaving no legal issue, so much of the share paid over to her "as remains unexpended" should go to his surviving children and their heirs. It was considered that the words "so much as remains unexpended," unless qualified by other provisions in the will limiting the power of expenditure, conferred an absolute and unrestricted power of disposal. No such qualifying language appearing in the will, it was held that the absolute ownership of the share vested in Lena and that the gift over was void.

The effect given to this provision, in Annin *v.* VanDoren, was commented upon, approved and followed by us in the late case of *McCloskey* v. *Thorpe,* 74 *N. J. Eq.* 413. There the testator by his will directed that the proceeds of the sale of his saw-mill be paid over to his wife, to whom he also bequeathed all of the personal property of which he was possessed, and then provided that "if there should be anything left after her death" it should be divided among specified beneficiaries. We held that the effect of the words quoted, unlimited as they

were by any other provision of the will, conferred an absolute power of disposal upon the wife, and that the gift over of what was left was void.

It is true that in these two cases the testamentary disposition was of personal property, not of real estate. But, as is pointed out by Chancellor Green, in Annin v. VanDoren, the authorities upon the point (and many of them are cited by him) sustain the principle in regard to devises of real estate as well as legacies.

In the case of Tooker v. Tooker, 71 N. J. Eq. 513, and in the authorities referred to in support of the conclusion reached in that case, the court was able to find from a consideration of the whole will, an indication that words somewhat similar to those which we have been discussing either did not indicate an intention to confer upon the beneficiary the power to dispose of the corpus of the gift or conferred only the power to dispose of so much thereof as might be necessary for his or her support and maintenance. Looking at the will now before us, the contents of which have already been stated, nothing appears which indicates any intention on the part of the testator to put any limit upon his wife's power of disposal outside of the mere words of the gift over, and that they do not operate as a limitation upon that power is, of course, inferentially decided by Annin v. VanDoren and McCloskey v. Thorpe.

We reach the conclusion, therefore, that the rule of construction declared in Downey v. Borden is applicable to the will now under consideration, and that the defendant by force of the residuary clause therein had an absolute estate in fee-simple in the lands which were conveyed by her to the plaintiff.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BO-GERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 14.

*For reversal*—None.