# Houser v. Houser, Appellant.

*Wills—Codicil—Revocation of will by codicil—Life estate with power to consume—Valuation of farm by testator.*

1. The purpose of a codicil is to change the disposition or administration of a testator's estate, as directed in the will.

2. When the disposition of the whole or part of an estate is intended by the codicil to be different from that provided for in the will, the later expression of the testator's intention must prevail.

3. Where testator, by his will, gives to his wife all his property, both real and personal, to be used for her maintenance as she sees fit, so long as she lives or remains his widow, and provides that at her death the balance "shall then be divided among [his] legal heirs," and thereafter he executes a codicil in which he directs that a certain farm shall be appraised at a sum stated, and go to his son, the son, upon the death of testator, is entitled to the farm upon his paying the amount of the appraisement to the widow for her use and maintenance as long as she remains the unmarried widow of testator.

4. As a power was given, by the will, to the widow to consume testator's entire estate, the real and personal property being classed together, the widow took an absolute estate. The "balance" meant what might be left of the property after the widow had consumed so much as she deemed necessary for her maintenance.

5. The codicil changed this disposition by giving the farm to the son absolutely at a valuation, upon testator's death, but the intention that the widow should have the entire estate for her use and maintenance was not disturbed by the codicil. Only the mode of carrying it out was changed.

Argued September 30, 1920. Appeal, No. 122, Oct. T., 1920, by defendant, from judgment of C. P. Armstrong Co., March T., 1920, No. 87, for plaintiff, on case-stated in suit of Margaret E. Houser v. O. E. Houser. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Case-stated in ejectment for land in Wayne Township. Before KING, P. J.

VOL. CCLXVIII—26

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff on the case-stated. Defendant appealed.

*Error assigned* was judgment, quoting it.

*H. A. Heilman,* with him *Guy C. Christy,* for appellant, cited: Postlethwaite's App., 68 Pa. 477; Anderson's Est., 28 Pa. Dist. R. 327; Hege v. Ickes, 267 Pa. 57; Stickel's App., 29 Pa. 234; Newbold v. Boone, 52 Pa. 167; Frechie's Est., 62 Pa. Superior Ct. 53; Line's Est., 221 Pa. 379.

*C. E. Harrington,* for appellee, cited: Stickler's App., 29 Pa. 236; Newbold v. Boone, 52 Pa. 167; Hart v. Stoyer, 164 Pa. 523; Thomas's Est., 241 Pa. 290; Wetter's App., 20 W. N. C. 499.

OPINION BY MR. CHIEF JUSTICE BROWN, December 31, 1920:

Each of the parties to this ejectment asserts right of possession under George Houser, who died April 11, 1911, seized of the property in dispute. The appellee, Margaret E. Houser, his widow, claims under the two following clauses of his will, executed June 11, 1910: "Second: I will and bequeath to my beloved wife Margaret Elizabeth Houser, all my property both real and personal to be used as she sees fit for her maintenance as long as she lives or remains my widow, and at her death it is my wish that suitable tombstones be erected to our memory. Third: The balance of my property of whatsoever I may be possessed of shall then be divided among my legal Heirs." The appellant, O. E. Houser, son of the testator, bases his claim on a codicil to the will, dated April 3, 1911, which is as follows: "I, George Houser, of Wayne Township, Do make this codicil to my last Will and testament that my farm on which I now live shall be appraised and valued at Three Thousand

$3000.00-100 Dollars and the said farm go to my son O. E. Houser who now resides with me." Judgment on the case-stated was entered in favor of the appellee, plaintiff below, the court having been of opinion that "Margaret E. Houser has a life estate or during widowhood in the real estate described in the case-stated and that she is entitled to have the use and possession of the same and further that, upon the termination of her estate therein, O. E. Houser takes the same in fee, upon payment for distribution among the heirs of George Houser, the valuation of $3,000 placed thereon by the said George Houser, by the terms of the codicil to his last will and testament."

But for the codicil, the right of the appellee, not only to the possession of the farm left by her husband, but to his entire estate, could not be questioned. He gives her all of his property, real and personal, to be used as she sees fit, for her maintenance as long as she remains his unmarried widow, and then adds that, upon her death or remarriage, the "balance" of his property—what she may not have consumed—shall be divided among his legal heirs. By the "balance" of his property the testator must have meant what might be left of it after his widow had consumed so much of it as she deemed necessary for her maintenance. A power to consume, though not formally expressed, must be implied when necessary to carry out a testator's intention, as in the present case where he speaks of the "balance" of his estate left after the use of it by his widow, the appellee, so long as she remains his widow. With the power given her to consume his entire estate, the real and personal property being classed together, she took an absolute estate: Kennedy v. Pittsburgh & Lake Erie Railroad Company, 216 Pa. 575; Hege v. Ickes, 267 Pa. 57. If this power should be exercised by her, the farm might be heavily encumbered or disposed of by the appellee, and never pass to the appellant, as the testator clearly intended by his codicil.

The purpose of a codicil is to change the disposition or administration of a testator's estate, as directed in the will: Line's Estate, 221 Pa. 374; and when the disposition of the whole or part of an estate is intended by the codicil to be different from that provided for in the will, the later expression of the testator's intention must prevail. This is the situation here presented. After giving, by his will, his entire estate to his widow for a definite period, with power of consumption, the testator directs by his codicil that a portion of it so given to her—the farm on which he resided—should go to the appellant at a fixed valuation. As just shown, this farm might never pass to him under the power given the appellee. The undoubted intention of the testator was that it should pass to him, and he therefore, while adhering to his intention as expressed in his will, substituted for the farm itself the sum of $3,000, to be paid for it by the appellant and to be used by the widow for her maintenance if she so desires. The intention of the testator that she shall have his entire estate for her use and maintenance, as expressed in the will, is not disturbed by the codicil. Only the mode of carrying it out is changed.

The appellant takes the farm charged with a lien of the valuation placed upon it by the testator: Weiler's Est., 169 Pa. 66. As the case-stated does not disclose how long he has been in possession of it, no order can now be made as to interest upon the valuation money. It may be that the appellee has been in receipt of the income from the farm.

The judgment of the court below is reversed, and the record is remitted, with direction that judgment be entered in favor of the defendant, upon his paying the sum of $3,000 to the appellee for her use and maintenance so long as she remains the unmarried widow of George Houser, deceased.