LYNN SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* ANNIE PAUL MARTIN & others.

Essex.     November 10, 1939. — February 27, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Devise and Legacy*, Annuity.  *Trust*, Construction.

Pertinent language throughout an entire will, directing a trustee of the residue to pay specified sums annually to the testator's widow and other beneficiaries during their lives, that "ultimately" the "entire estate" should be devoted to certain charitable purposes and that "to that end . . . upon the death of any beneficiary . . . the share of the income set apart for his . . . benefit shall be applied immediately" to the charities, showed an intention that the principal should be kept intact and that payments to life beneficiaries should be from income only, and gave no authority for a payment to any life beneficiary from principal even though the income became insufficient to pay him the stated annual sum.

PETITION, filed in the Probate Court for the county of Essex on September 27, 1938, for instructions.

The case was heard by *Phelan*, J.

*J. W. Sullivan,* stated the case.

*John Wentworth,* (*W. H. Hitchcock & R. D. Weston* with him,) for the respondent Annie Paul Martin.

*J. J. Kelleher,* Assistant Attorney General, for the Attorney General.

DONAHUE, J.  This is a petition for instructions brought in the Probate Court by the Lynn Safe Deposit and Trust Company as trustee under the will of John Macnair, who died at Lynn on November 24, 1913.  The petitioner was also named as executor in the will, which was proved and allowed on January 15, 1914.  On April 17, 1916, the petitioner was duly appointed trustee under the will.  This petition for instructions was filed on September 27, 1938.

The testator by his will bequeathed to his wife $5,000 in cash, his household effects and certain other articles of personal property, and devised to his sister a parcel of real estate and bequeathed to her certain articles of personal property.  All the rest of his estate he devised and bequeathed to the Lynn Safe Deposit and Trust Company, the present petitioner, in trust: to "hold and manage the same, and out of the net income thereof" to pay to his wife $5,000 per year during her life in quarterly instalments; to "set apart" and expend for the care and maintenance of a "disabled brother" $1,000 per year during his life; to pay to his sister $1,200 per year during her life, and to five nephews and nieces lesser amounts during their lives.  A provision that his estate should ultimately be devoted to charitable purposes and other provisions in the will are hereinafter set out.

At the time this petition for instructions was filed the only life beneficiaries named in the will then living were the testator's widow and C. Allison Macnair, a niece of the testator who, under the terms of the will, was to receive $300 annually during her life.  The widow, the niece and the Attorney General were named in the petition as respondents.  Answers were filed by the widow and by the Attorney General.

The petition was heard in the Probate Court on the following statements of fact made and agreed to by counsel.

The testator for many years had been an officer in and the principal manager of a national bank and, later, of the trust company which he named as executor and trustee under his will.  He never had any children.  His widow, who was his second wife, was forty-two years old at the time the will was made.  At that time the ages of the other life beneficiaries under the will were fifty-six, fifty-three, fifty, forty-six, forty-one, thirty-six and twenty-three years. The trustee's inventory showed real estate inventoried at $86,000 and personal property inventoried at $85,532.73. "The principal of the estate" at the time of the hearing "as stated in the petition amounts to $95,577.79."  It seems, although the record is not entirely clear, that this figure was reached by taking $65,000, the inventory value of such real estate as had not been sold, and $30,000, the inventory value of bank stock held by the trustee.  The income from the trust property has never in any year been sufficient to pay the full amount of the annual payments to the life beneficiaries as provided in the will.  The trustee has, however, each year paid to the living beneficiaries the amounts provided for them in the will.  It did this by resorting to the principal of the trust estate, and taking therefrom enough to make up the deficiency in the income.

The petitioner sought instruction: "Whether the trustee shall continue to apply principal of the trust to make up any deficiency of income thereof necessary to pay said widow of the testator $5,000 per year for life and said C. Allison Macnair $300 per year for life," and "such further instructions as may be just, necessary and expedient in the premises."

The probate judge made no findings of fact.  He entered a decree ordering "that the trustee shall pay to the surviving beneficiaries such sums as may be payable to them yearly under the terms of the will, out of yearly net income, and shall not apply principal of the trust to make up any deficiency of income of said trust."  From this decree the widow of the testator has appealed.

1. A reading of the will in its entirety manifests two main purposes of the testator.  One was to make provision during

their lives for his widow and for those of his kin named in the will. The other purpose was that the trust property should ultimately be devoted to charitable ends. A reply to the trustee's request for instructions requires the determination of the intent of the testator as expressed in the language of the will, read in the light of all material circumstances existent at the time of its execution.

The provision which the testator saw fit to make for his widow and for the relatives he named in the will was, the yearly payment to each of a stated sum of money during their respective lives. The will directed that such payments should be made "out of the net income" of the estate. In a later paragraph, the testator directed the trustee to withhold "from the income" of the estate and to keep in reserve a sum which, in the trustee's judgment, might be sufficient to meet all charges against the real estate and other necessary expenditures, "as well as for the emergency fund hereinafter named" and to "devote the remainder of the income" of the estate to designated charities.

The next paragraph in the will states: "It is the purpose of this will that my entire estate should ultimately be devoted to charitable purposes, and constitute what shall be known as the 'John Macnair Fund', and to that end, I direct that upon the death of any beneficiary herein, under any trust in this will, the share of the income set apart for his or her benefit shall be applied immediately to the following charities, to wit: The Incorporated Charities of the City of Lynn, without distinction, giving my Trustee full and unqualified power to discriminate among said Charities, and to proportion the amount given to each according to his discretion."

A later paragraph of the testator's will directed that upon the death of any life beneficiary his interest should cease and that "the income payable to him during life be transferred to the general residuary fund for charities as indicated in said will." The will also provided that the interest of the beneficiaries under the trust should not be alienable by anticipation or in any way subject to their debts, and that all legacy taxes under the will should be borne by the estate.

The language of the will manifests a strong intent that the principal of the trust fund should be used solely for carrying out the charitable intentions of the testator. He dedicated the principal of the "entire estate" broadly to charitable purposes. He left to his trustee the choice of the particular charitable undertakings that should benefit from his bounty, but gave personality to the principal of the estate — and his name — by requiring that it bear the name "John Macnair Fund." The language of the will which describes the character of the principal of the trust estate indicates no intention that any portion thereof should be used to pay in whole or in part the yearly sums provided in the will for the life beneficiaries. Nor is this indicated by the language of the will descriptive of the source of such payments. The will provides in so many words that those payments shall be made "out of the net income" of the estate. The sentence that states the "purpose of this will" provides that, upon the death of a life beneficiary, "the income set apart for his . . . benefit" shall be applied to the designated charities. And in a later paragraph of similar import it is provided that, on the death of a life beneficiary, "the income payable to him during life [shall] be transferred to the general residuary [charitable] fund." The testator in these paragraphs of the will consistently refers to the interest which a life beneficiary shall take under the will as an interest in "the income" of the trust estate and not as an interest in the principal. We think that the language in those paragraphs of the will manifests the intent of the testator that the principal of the trust fund should be kept intact and used only for charitable purposes, and that the yearly payments to the life beneficiaries could properly be made only from the income of the estate. *Taylor* v. *Gardiner*, 296 Mass. 411. *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464, 471. *Nudd* v. *Powers*, 136 Mass. 273.

2. There are in two sentences of the will references to an "emergency fund." One, already herein mentioned, required that the trustee withhold from the income of the fund a sum judged by it sufficient to pay charges on the real estate

and other necessary expenses "as well as for the emergency fund hereinafter named." The second sentence, which appears near the end of the will, provides: "I direct my Trustee to create an emergency fund out of the income of my estate so that in case the income in any year should prove inadequate for the purposes of any trust herein, the beneficiary thereunder may receive the full amount given him by this will without intrenching on the principal or being obliged to borrow." In no year from the time the trustee was appointed was the income of the estate sufficient to pay in full the annual sums provided for the life beneficiaries under the will. The contemplated "emergency fund" was never created by the trustee.

The appellant contends that in the sentence providing for an emergency fund "out of the income of my estate" the quoted words merely indicate the source which is to be primarily liable for the annual payments to the life beneficiaries, that if the income in any year was inadequate, recourse could be had to the principal, and that the words "without intrenching on the principal or being obliged to borrow" are a recognition by the testator — and an expression of his intent — that it might be necessary and proper to resort to the principal in the event that the income in any year was inadequate to pay the annual sums provided for living beneficiaries under the will.

Pertinent language throughout the entire will must be considered in determining what the intent of the testator was with respect to his gifts of income and of principal. The language of the will manifests a definite and persistent intent as to the disposition of the income and of the principal of the estate. The yearly payments to the life beneficiaries are to be made "out of the net income" of the estate; the moneys contemplated to provide the emergency fund are to come "from the income" of the estate; on the death of a beneficiary "the share of the income set apart for his or her benefit" shall go to the charities; it is "the purpose of this will" that the "entire estate" shall be devoted to charitable purposes. We think that the language of the will adequately manifests the intent of the testator that the

provisions made for the life beneficiaries must come out of the income and not out of the principal of the estate.

Under the appellant's construction of the phrase "without intrenching on the principal" — as meaning that the principal of the estate can be charged with the payment of the yearly sums of money provided for the life beneficiaries — the repeated statements in the will that such payments shall be made out of income are unnecessary, since the income would naturally be first resorted to even if there was an expressed charge on the principal. *Cummings* v. *Cummings*, 146 Mass. 501, 508. *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464, 471.

The terms in which the gift of the principal of the estate is made indicate an intent of the testator that the principal of the estate should be kept intact. The will provides that the "entire estate" should ultimately be devoted solely to charitable purposes. The gift over of a trust estate tends to indicate that it is not to be drawn on. *Nudd* v. *Powers*, 136 Mass. 273. *First National Bank of Toms River* v. *Levy*, 123 N. J. Eq. 21. *Einbecker* v. *Einbecker*, 162 Ill. 267.

It is urged that the testator could not have intended to limit his widow merely to a share of the income of the estate, and that he must have intended to safeguard her future by charging, if necessary, the principal of the estate if the income, in any year, was not adequate to make the payment provided for her in the will. The testator expressed no distinction in this respect between the widow and the other life beneficiaries. We cannot read into the will an intention that the testator did not there express. The continued reference in the will to the gifts to the life beneficiaries as payable out of the income requires, we think, the conclusion that the dominant purposes of the will are that the beneficiaries should be paid out of the income and not out of the principal of the estate, and that the entire principal of the estate should ultimately be used for the benefit of the designated charities.

This is the opinion of a majority of the court.

*Decree affirmed.*