## HAYS v. HARTER et al.
### No. 4327.

Court of Civil Appeals of Texas. El Paso.
Oct. 28, 1943.

Rehearing Denied Nov. 18, 1943.

Potash & Cameron, of El Paso, for appellant.

Burges, Burges, Scott, Rasberry & Hulse, of El Paso, for appellees.

SUTTON, Justice.

This is an appeal from the 65th District Court of El Paso County.

The suit here is between the appellant, Lillian H. Hays, individually and as independent executrix and trustee of the estate of Clara Wheeler Castlio, deceased, against Clara B. Harter, joined pro forma by her husband.

The suit was originally instituted to construe the following provision of the deceased's will: "My said sister, Mary Iantha Castlio, now makes her home with my beloved niece, Mrs. Clara B. Harter, of San José, California, and it is my will and I direct that said Lillian H. Hays, out of property aforesaid of my estate pay off the entire amount at the time of my death on the mortgage now existing on the property of said Clara B. Harter located at No. 380 Pomona Avenue, in the City of San Jose, California. Such payment shall be made at such time or times and in such amount or amounts in cash as in the judgment of said Lillian H. Hays may best preserve by said estate and protect the interests thereof."

The defendants answered with numerous special exceptions, which we deem unnecessary to give in any detail, a general denial, and a cross-action wherein they sought to recover of and from the plaintiff in her representative capacity the principal sum of $4,500, interests and costs. No answer was made by the plaintiff to the cross-action.

The case was tried to the court without the intervention of a jury, and judgment rendered adjudging the provision of the will sought to be construed clear and unambiguous and admitted of no construction by the court. On the cross-action judgment was rendered in favor of the defendants, Clara B. Harter and husband, plaintiffs in the cross-action, for the principal sum of $4,500, with six per cent interest from March 2, 1943, until paid, and costs. The judgment provided for execution in favor of the plaintiffs in the cross-action,

and was otherwise in form an ordinary judgment for money.

The will had previously been probated on the application of the plaintiff and the independent administration was then pending.

By assignments of error the plaintiff complains that the court erred in finding the unpaid balance of the mortgage amounted to $4,500 with interest, because it clearly appears from the proof, while there was a balance unpaid on the mortgage in the sum of $4,500, it was clearly the intention of the testatrix to pay but $2,000 on such debt; that the court erred in finding the will clearly and unequivocally shows the intention of testatrix to free the property of the defendants of debt, because the evidence shows a clear intention not to free it of $4,500; that the court erred in finding the paramount intention was to pay the mortgage on the Harter property, because the evidence clearly shows the intention to be to provide for her sister, and testatrix was mistaken in the amount of the debt; that the court erred in concluding defendants were entitled to recover $4,500 instead of $2,000; that he erred in not rendering judgment construing the will to provide for the payment of $2,000 only, and that the court erred in rendering judgment for $4,500 on the cross-action, because the cross-action was not maintainable in the suit to construe the will.

Plaintiff asserts seven propositions under the assignments and briefs five.

Following the provision sought to be construed and copied above, the will continued:

"Each of said payments on said mortgage shall be applied in the payment of the expense of the room and board of said sister, Mary Iantha Castlio, who has been making and now makes her home with said Clara B. Harter, that is, to such expense of such room and board as may accrue after my death, and said Clara B. Harter at the time of such payments shall acknowledge receipt of them as payments for such room and board. But the entire amount owing on said mortgage at the time of my death shall be paid by said Lillian H. Hays even though such entire amount may not be consumed in payment of such room and board.

"Said Lillian H. Hays shall hold all said property as trustee for the uses and purposes aforesaid, until the death of the said Mary Iantha Castlio."

We regard as correct the conclusion of the trial court that the will is so clear, unequivocal and unambiguous in its terms with respect to the payment of the entire debt existing at the time the will was executed and unpaid at the time testatrix died as to admit of no construction. In such circumstances the instrument alone may be looked to and resort may not be had to extrinsic evidence to add to, vary, contradict nor explain its terms. The rule is elementary. 44 Tex.Jur., Secs. 183, 184, 185, 186, 187, pp. 748–756. Likewise, extrinsic evidence may not be resorted to to correct mistakes and errors in a will. 44 Tex.Jur. Sec. 190, p. 760; Morton v. Calvin, Tex.Civ.App., 164 S.W. 420, writ refused.

We have had more difficulty in reaching a satisfactory conclusion with respect to the judgment on the cross-action in favor of the cross-plaintiffs. The will provides merely for the payment and extinguishment of a debt against the Harter home by the executrix out of the assets of the estate. It makes no provision for the payment of any sum of money to the Harters, nor do we think the same may be implied from any provision of the will. The holder of the note and mortgage is in a similar position to one who holds a vendor's lien or deed of trust note that has been assumed. He may elect to look to the estate for the satisfaction of his debt. The direction is that the executrix pay the debt, and not that the money be paid to the Harters for the payment of the debt, or spent otherwise as they may elect. We think the general principles of law that a trustee has only such powers as are conferred by the instrument creating the trust, and that neither the trustee nor the courts can add to or take from such power, but must permit it to stand as written and give to it only such construction as was intended, applicable here. Thornton v. Zea, 22 Tex. Civ.App. 509, 55 S.W. 798, error refused; Haldeman v. Openheimer, 103 Tex. 275, 126 S.W. 566; Wisdom v. Wilson, 59 Tex. Civ.App. 593, 127 S.W. 1128 error refused; Jackson v. Templin, Tex.Com.App., 66 S. W.2d 666, 92 A.L.R. 873, and many other cases might be cited, as well as texts.

Of course the Harters have such an interest as would authorize them to bring and prosecute a cause looking to the application of the funds as directed in the will, but the pleading here is wholly insufficient to support such a judgment, but sought the re-

lief obtained. As heretofore pointed out, neither the pleading nor the judgment is predicated on the provisions of the trust. The evidence is the debt has not been paid because of the difference of opinion as to the amount that should be applied under the will. Had Mrs. Harter after the death of Miss Castlio paid the debt, the payment of which the will required, a different situation might be presented.

It is ordered, therefore, that the judgment of the trial court on the original cause for the construction of the will be affirmed; that the judgment in favor of cross-plaintiffs for the recovery of $4,500 be reversed, and judgment is here rendered that they take nothing on the cross-action and that the defendants pay all the costs of the appeal, and plaintiff pay the costs of the trial court up to and including the entry of the judgment. This judgment to affect in no way the right of cross-plaintiff to have the trust created for her benefit enforced.

WALTHALL, J., not sitting.