**POWER et al. v. CRAVENS.**

No. 12294.

Court of Civil Appeals of Texas. Galveston.

May 10, 1951.

Rehearing Denied June 21, 1951.

Leo Darley, of Uvalde, and Cullen B. Vance, of Edna, for appellant.

Wm. H. Hamblen, of Edna, for appellee.

GRAVES, Justice.

These two lady-litigants, each in her separate right, owned adjoining farms in Jackson County for many years; but this proceeding, as finally tried and decided by the court below, only involved the title to approximately 11.3 acres of land lying along the north line of appellee's tract, and the south line of that of the appellant.

The appellant, joined by her husband, had filed the suit against the appellee, in which she described her land as containing 140.5 acres, by metes and bounds, which impinged—to the extent of 149 feet—across the north line of that claimed by the appellee.

The appellee, in turn, filed a formal answer, in which, among other pleas, she declared she owned the 11.3 acres so intervening between the two larger tracts under the ten-year statute-of-limitation, Vernon's Ann.Civ.St. art. 5510, restricting her claim to the north-fence line of her entire tract.

Wherefore, the cause was resolved into a dispute over the actual location on the ground of the common-line between the farms of the parties.

The court, after full trial on the facts without a jury, determined the controversy in the appellee's favor, and awarded her the 11.3 acres, holding, specifically, that she had established title thereto under the ten-year statute-of-limitation. It fully described the strip by metes and bounds, and supported its judgment by extended and amended findings of both fact and law.

In this Court, the appeal is thought to involve but two controlling issues, as follows:

(1) Whether the court, as contended by appellants in their fourth point-of-error, had been "without jurisdiction to reopen the case in order to permit the Appellee to establish the line, which she had failed to do in the trial of the case, after the Ap-

302

pellant had given notice of appeal and had thereafter filed an appeal-bond therein";

(2) "The Appellee having failed to adduce any evidence showing possession, cultivation, use, or enjoyment of said land, for a continuous period of 10 years immediately subsequent to 1913, the Court erred in finding that Appellee acquired title to the land in Controversy, under the 10-year statute of limitation."

Neither of these contentions, it is determined, should be sustained. For clarity, this Court attaches hereto, as its own Exhibit A, a photostat copy of the plat of the 11.3 acres, as made a part of the trial court's judgment under its Exhibit "A".

What the trial court did, in reopening the cause after its judgment had been first pronounced, is thus correctly outlined by the appellee: "After pronouncing judgment for appellee on September 26, 1950, a jury having been waived, the trial judge, after due notice to all parties, re-opened the case on October 4, 1950, for the limited purpose of having the surveyor, Bryan, (who was a witness for the appellants), give courses and distances from his notes in the fence line A–C, (as shown on the attached map), about which line said Bryan had testified prior to the entry of the judgment."

■ This Court perceives nothing wrong in such reopening of the cause, in the circumstances, and for the limited purpose so appearing; the trial court's findings-of-fact-and-law go fully into the details of this matter, the upshot of all of which was that its judgment, at last, was based on the location of the boundary line in dispute as it had been fixed by the surveyor himself, originally, and the great number of other witnesses; the trial court still had control of the cause, since its then-pending term had not expired; hence, it is held, under our authorities, that it had ample authority at that time to so reopen the case, even though appellants had filed their appeal-bond before such order was entered; these authorities are thought to support this conclusion: Rule 270, Texas Rules of Civil Procedure; Priddy v. Tabor, Tex.Civ.App., 189 S.W. 111; Golden Rod Oil Co. v. Golden West Oil Co., Tex. Com.App., 293 S.W. 167; Crane Co. v. Gosdin, Tex.Civ.App., 94 S.W.2d 221; 25 Texas Jurisprudence, page 546; Glasscock v. Bryant, Tex.Civ.App., 185 S.W.2d 595; Gilbert v. Lobley, Tex.Civ.App., 214 S.W. 2d 646; 41 Texas Jurisprudence, page 1248; 25 Texas Jurisprudence, page 523; Garza v. Baker, 58 Tex. 483.

In so awarding the 11.3 acres to the appellee under the ten-year statute, the court stated findings-of-fact to the effect that, for a period of ten years subsequent to the year 1913, in which she had acquired it, she had had complete adverse possession and use, enjoyment, and cultivation, thereof for more than ten years subsequently;

that during that full ten-year period, she and her tenants, all of whom were successively named, had maintained fences around all four sides of the tract, and that nobody, let alone the appellant had ever questioned or disputed her claim to so own the land during all that ten-year period, further, the appellant's own surveyor, Mr. Bryan, when he came to so survey it and make the plat thereof, as attached to the trial court's judgment, found the old markings, in his opinion, indicating the existence of the old fence (apparently by what seems to be a reasonable inference) just as the other witnesses referred to had testified the same to have been located, and to have so constituted the northern boundary of the appellee's tract; indeed, the trial court's stated-findings further recite much testimony to the effect that the appellant, Mrs. Power, herself, had at least acquiesced in and recognized the line A–C upon the map as having constituted her southern boundary line, up until the time the surveyor had made for her his survey on the 4th day of October, 1950, because, many years prior to this trial, she had tied her cross-fence at the northwest corner of this strip into it; not only so, but there had also been a drainage-ditch put along her south line, and maintained there by her for many years, prior to this suit, which was also north of appellee-Mrs. Cravens' old fence line.

It would be supererogatory to further recite the reaches of her limitation claim, in view of the fully-stated and concretely-applied findings-of-fact by the trial court as to the long-maintained and exclusive tenure of use, occupation, and assertion of right to this small strip of land by the appellee, Mrs. Cravens, as hers—since, indeed, the record of the findings is surcharged with it.

■ This Court has, however, taken the pains to re-check the trial court's findings from the evidence, to the extent that, it has become thoroughly convinced that the testimony fully sustained the controlling ones of them, to the consequence that there would be no appellate authority to disturb them.

304

It is held, accordingly, that the evidence fully sustained the court's finding that the appellee's plea of ten-years' limitation was well grounded.

 Neither is there any dearth of authority, especially as applicable to the distinctive kind of case under that statute, as made out by the particular details of fact here involved. These authorities are cited as fully sustaining the trial court's conclusion-of-law that such facts vested the title to the land in the appellee: Richards v. Smith, 67 Tex. 610, 612, 4 S.W. 571; 2 Texas Jurisprudence, page 90; 46 Texas Jurisprudence, page 93; 2 Texas Jurisprudence, page 94; 2 Texas Jurisprudence, page 257; Hays v. Hinkle, Tex. Civ.App., 193 S.W. 153; Campbell v. San Antonio Machine & Supply Co., Tex.Civ. App., 133 S.W. 750.

The other questions discussed in the briefs have been considered, but none of them are thought to involve prejudicial error; hence, they have been overruled without specific discussion.

Wherefore, the appealed-from judgment should be affirmed. It will be so ordered.

Affirmed.